

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARMEN SANTIAGO** | : |
| Plaintiff, | : |
| vs. | : |
| **MCDONALD'S RESTAURANTS**<br>**OF NEW JERSEY, INC.** | :NO.:  06-cv-02983(NLH) |
| and | : |
| **DJS PAINTING, INC.** | : |
| And | : |
| **JOHN DOE, MARY DOE**<br>**ABC PARTNERSHIPS AND**<br>**XYZ CORPORATION** | : |
| Defendants. | : |

---

## APPEAL OF PLAINTIFF, CARMEN SANTIAGO FROM THE ORDER OF MAGISTRATE JUDGE JOEL B. SCHNEIDER REGARDING THE INFORMAL LETTER APPLICATION TO EXTEND THE APRIL 30, 2008 FACT DISCOVERY DEADLINE SET FORTH IN THE COURT'S FEBRAURY 13, 2008 SCHEDULING ORDER

---

**LAW OFFICES OF JONATHAN J. SOBEL**
1103 Laurel Oak Road, Suite 111
Voorhees, NJ  08043
(856) 296-9070
Attorney for Plaintiff, Carmen Santiago

Jonathan J. Sobel, Esquire
JS6612
Of Counsel

Jonathan J. Sobel, Esquire
On the Brief

1

## TABLE OF CONTENTS

**PAGE**

Table of Authorities.................................................................... 3

Introduction............................................................................. 4

Factual Background.................................................................. 4

Procedural Background............................................................ 4

Magistrate Judge's Order:  The Applicable Standard of Review....... 11

Argument................................................................................. 12

### POINT I
### COUNSEL WAS NOT PRESENT
### FOR THE HEARING

### POINT II
### MAGISTRATE JUDGE SCHNEIDER FAILED
### TO PROPERLY CONSIDER THE PROCEDURAL
### BACKGROUND OF THE CASE

Conclusion............................................................................. 18

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE**

Cardona v. General Motors Corp., 942 F. Supp. 968, 970 (D.N.J. 1996)....        12

Globespanvirata v. Tex. Instruments, Inc., 2005 U.S. Dist. LEXIS 16348,
No. 03-2854 (D.N.J. Jul. 12, 2005)...............................................        16-17

Hutchins v. UPS, 2005 U.S. Dist. LEXIS 15625, No. 01-1462
(D.N.J. Jul. 27, 2005)...........................................................        16-17

**STATUTES**

28 U.S.C. § 636(b)(1)...........................................................        11-12

**FEDERAL RULES OF CIVIL PROCEDURE**

F.R.C.P. 72...........................................................        11-12

**LOCAL RULE OF CIVIL PROCEDURE**

L.R. Civ. P. 72.1...........................................................        11-12

## INTRODUCTION

Plaintiff, Carmen Santiago files the instant objections to the Appeal of Magistrate Judge Joel B. Schneider's Order denying the "informal letter application to extend the April 30, 2008 fact discovery deadline set forth in the Court's February 13, 2008 Scheduling Order. (See Exhibit "A" – Order, May 20, 2008.).

## FACTUAL BACKGROUND

This matter involves a slip and fall accident while Plaintiff, Carmen Santiago was a lawful business invitee at the McDonald's Restaurant located on Route 73 at or near Hylton Avenue in Pennsauken, New Jersey. Plaintiff contends that on July 1, 2004, she slipped and fell on fresh tar or a tar like substance which had been placed on the surface of the parking lot. As a result of the slip and fall accident, Plaintiff contends she suffered both serious and permanent injuries to her shoulders, neck, back and knees.

## PROCEDURAL BACKGROUND

Inasmuch as the Magistrate laid out the procedural history in the Order denying the requested relief, Plaintiff feels it necessary to provide this Honorable Court with the entire procedural history of this case as it is somewhat dissimilar to what Magistrate Schneider had elicited.

On June 30, 2006, Plaintiff filed a Civil Action Complaint against Defendant, McDonald's Restaurant as a result of the aforementioned slip and fall accident. (See D.E. #1). The case was assigned to Judge Hillman with Judge Joel B. Rosen as the United States Magistrate responsible for the micro-managing of the case. On September 8, 2006, McDonald's Restaurants executed the waiver of service. (See D.E. #11). On or about October 24, 2006, Defendant, McDonalds filed an Answer to Plaintiff's Complaint with July Demand. (See D.E. #12). On or about November 8, 2006, Magistrate Judge Rosen retired from the bench and Magistrate Judge Joel B. Schneider was added to the case.

4

On December 6, 2006, an initial scheduling conference was held before Judge Schneider and a scheduling order was issued. The initial scheduling order read as follows:

> SCHEDULING ORDER IN ARBITRATION CASE: Status Conference set for 4/16/2007 10:00 AM before Magistrate Judge Joel Schneider. Amended Pleadings due by 2/28/2007. Discovery due by 4/30/2007. Motions due by 5/15/2007. Arbitration shall be scheduled for a date in June 2007.

(See D.E. #14.). On or about February 18, 2007, counsel for plaintiff wrote the court and advised that he had been unable to obtain discovery responses from Defendant, McDonalds as of the date of the letter. (See D.E. # 15). The discovery was not provided until February 26, 2007, when defendant responded to Plaintiff interrogatories, but not the Request for Production of Documents and did not identify any other entities at that time.

On or about April 17, 2007, the court held a status conference in which an amended scheduling order was given. The amended order stated as follows:

> SCHEDULING ORDER IN ARBITRATION CASE:Discovery due by 6/18/2007. Motions due by 7/2/2007. Arbitration shall be scheduled for a date in July 2007

(D.E. #16). Following the conference, on April 17, 2007, the Notice to Produce was again forwarded to Defendant. Defendant contended that it could not locate same. It was not until May 5, 2007, plaintiff received defendant's responses to plaintiff's notice to produce. At that time McDonalds indicated, for the first time, the company responsible for the repairs at McDonalds was DJS Painting, Inc. On or about May 18, 2007, McDonalds attached a copy of the invoice from DJS Painting, Inc., which indicates that Asphalt repair was done to the parking lot at McDonalds. This was the only documentation provided by McDonalds; no claim log(s), statements, photographs, etc. were provided at that time.

Prior to the filing of the Complaint in June, 2006, counsel for plaintiff was unaware of the identity of the company responsible for performing the work at McDonalds on the date of Plaintiff's fall. However, immediately upon receipt of the foregoing information and the identity of DJ's Painting, on May 25, 2007, counsel for Plaintiff filed a Motion to Amend Plaintiff's

5

Complaint. (D.E. # 17). On or about June 22, 2007, the Honorable Joel B. Schneider granted the Motion to Amend and ordered the Amended Complaint to be filed by July 6, 2007. (D.E. # 20). Immediately upon receipt of the Order granting the amendment, Plaintiff filed an Amended Complaint. (D.E. # 21). Due to a problem with service of the Amended Complaint, i.e., being unable to locate DJ'S Painting, Plaintiff ultimately served them on August 21, 2007. (D.E. # 27).

In the interim, on August 2, 2007, the Court held a status conference with counsel in which it issued an amended Scheduling Order. The scheduling order read as follows:

> AMENDED SCHEDULING ORDER IN ARBITRATION CASE: Telephone Status Conference set for 11/2/2007 09:30 AM before Magistrate Judge Joel Schneider., Discovery due by 11/30/2007.,Motions due by 2/15/2008.By copy of this Order, the Clerk will be requested to schedule the arbitration for a date in March, 2008. By 8/15/07 Plaintiff shall arrange to personally serve DJS Painting, Inc.

(D.E. # 26). On September 11, 2007, after no response was received from DJ'S Painting, a Request for Default was made by Plaintiff and entered by the Clerk. (D.E. #28). Counsel for plaintiff signed a Consent Order vacating the default as to Defendant, DJ's Painting. (D.E. #31).

On October 10, 2007, Defendant, DJ's Painting filed an Answer to Plaintiff's Amended Complaint as well as a third party complaint against the following: (a) Steve Lapp; (b) Steve Lapp Asphalt Paving; (c) Collegiate Sealers; (d) Markel Southwest Underwriters, Inc; and (e) Evanston Insurance Company. (D.E. #30). At that time, no third party summons(es) were requested by DJ's Painting.

On October 29, 2007, a telephone conference was set for November 13, 2007. (D.E. # 32). On November 13, 2007, a telephone conference occurred with counsel for Plaintiff, counsel for McDonalds and counsel for DJ's Painting. This conference set a date for an in-person conference for January 28, 2008. (D.E. #33.). None of the third party defendants had been served at that point, let alone a request for summones. It was not until November 16, 2007 that

6

third party summones were issued for those defendants. (D.E. #35.).

On January 10, 2008, third party defendant, Collegiate Sealers filed an Answer to the Third Party Complaint. (D.E. # 36.).

The in person status conference was rescheduled due to a conflict in plaintiff's counsel's schedule from January 28, 2008 to February 13, 2008. (D.E. #37.). On February 6, 2008, counsel for DJ's Painting sent a letter asking the court to reissue summones as to defendants, (a) Steve Lapp; (b) Steve Lapp Asphalt Paving; (c) Markel Southwest Underwriters, Inc; and (d) Evanston Insurance Company. (D.E. #39). These third party defendants still had not been served.

On February 13, 2008, an in-person status conference was held and the Court issued an Order which included, among other things, that plaintiff serve the deposition notices by February 22, 2008 and inform the court by March 7, 2007, by letter identifying the agreed upon dates of the depositions which were required to have been completed by April 30, 2008 of Defendants and Third Party Defendants. Plaintiff's deposition was required to be completed by March 31, 2008. Dispositive motions were due by June 2, 2008 and arbitration was to be held in June, 2008. (D.E. #40.).

Immediately following the status conference, counsel for plaintiff forwarded discovery requests to DJS Painting and Collegiate Sealers. Further, counsel for plaintiff provided to defendants all of the documents which had been exchanged by Plaintiff and McDonalds prior to their involvement along with copies of the interrogatories and answers which had been exchanged by counsel. Further, on February 22, 2008, counsel for Plaintiff forwarded deposition notices to each of the three (3) defendants / third party defendants.

On February 29, 2008, in accordance with the Court's Order, counsel for plaintiff filed a

7

letter with the Court advising the Court of the deposition dates for the defendants and third party defendants for March 21, 2008. (D.E. # 41.). Counsel for DJ's Painting was to be out of the country and no other attorney in his office could participate, accordingly, all of the depositions had to be adjourned. Counsel for plaintiff requested additional dates from the various defendants, however, none were supplied.

On March 20, 2008, an Alias Third Party Summons was issued as to Defendants, Steve Lapp and Steve Lapp Asphalt Paving. (D.E. #43.). On April 25, 2008, a Motion for Alternate Service was filed by Defendant, DJ's Painting. (D.E. 44). To date, there has been no ruling on the Motion for Alternate Service. Moreover, neither the Alias Summons nor the Motion for Alternate Service were made with respect to Markel Underwriters or Evanston Insurance Company, who still have not been served.

On April 23, 2008, plaintiff appeared for her deposition and was deposed. DJ's Painting's corporate designee was present, however, all of the parties agreed to wait to take his deposition because DJ's Painting had not responded to plaintiff's discovery and there were not documents produced. Again, following the deposition, Plaintiff requested dates for the deposition of the various defendants / third party defendants. No dates were supplied.

On April 30, 2008, counsel for plaintiff notified the court, via electronic letter that the defendants had failed to produce their clients for depositions, pursuant to the Scheduling Order and plaintiff's deposition had occurred. This was the same date the court set for all depositions to have been completed by. (D.E. 45.). Plaintiff requested the court's assistance in this regard.

On May 5, 2008, the Court responded to plaintiff's letter of April 30, 2008 and denied said request to assist plaintiff with the recalcitrant defendants / third party defendants. (D.E. # 46).

8

Again, on May 6, 2008, counsel for Plaintiff wrote the Court including with this letter, a copy of the letter from February 29, 2008 and an Affidavit from Plaintiff's counsel pursuant to L.R. Civ. P. 37.1. (D.E. #47.). The Affidavit stated as follows:

> 1.   A status conference was held on February 13, 2008, requiring the depositions of the corporate designees to be completed by April 30, 2008.
>
> 2.   I have forwarded Notice(s) of Deposition pursuant to F.R.C.P. 306(b) to McDonalds, DJS Painting and Collegiate Sealers scheduling the depositions for March 21, 2008.
>
> 3.   I informed the Court of this by letter dated February 29, 2008, in accordance with the scheduling Order.
>
> 4.   I Noticed the Depositions of the corporate designees pursuant to F.R.C.P. 306(b) to McDonalds, DJS Painting and Collegiate Sealers for March 21, 2008. However, the various defendants were unable to produce their clients, for one reason or another.
>
> 5.   I requested additional dates from defendants for their respective clients.
>
> 6.   On April 23, 2008, Plaintiff appeared for her deposition and was deposed.
>
> 7.   While the only corporate designee to appear was that for DJS, his deposition was not taken as defendant, DJS failed to answer interrogatories and request for production of documents and there was an agreement amongst the attorneys to hold off on taking his deposition.
>
> 8.   I again requested new deposition dates from the defendants. However, as of the date of this writing, this has not been scheduled.
>
> 9.   Counsel for DJS has taken the initiative in attempting to schedule the depositions however, they are not having any success at scheduling same.
>
> 10.   I have personally conferred with counsel for Defendant, DJS Painting in an attempt to schedule the depositions in a good faith effort to resolve the issues raised in the instant request.
>
> 11.   I have not heard from counsel for McDonalds or Collegiate Sealers in a good faith effort to resolve the issues raised in the instant request.
>
> 12.   I am requesting an extension of time of the dates imposed by the Court's scheduling Order of February 13, 2008 and/or another status conference with Your Honor.

9

> 13.     I hereby affirm that the statements made in the foregoing Affidavit are true
> and correct to the best of my knowledge, information and belief.

(See Affidavit.).

On or about May 7, 2008, the court issued an Order scheduling this matter for a hearing

for May 16, 2008, at 2:00 p.m., in open Court. (D.E. #48). On May 15, 2008, counsel for

plaintiff notified the court that he was attached for two (2) trials on May 16, 2008 and he was

unsure whether he could attend. The letter was sent only the day before because counsel for

plaintiff was hopeful the cases would not be called to trial. Counsel for plaintiff provided the

names of the cases, the identity of the court and the judge before whom they were listed. (D.E. #

15).

Importantly, it was not until the morning of the conference, on May 16, 2008,

McDonald's finally provided the documents which plaintiff had been requesting for over a year

and a half.

On May 16, 2008, at approximately 9:00 a.m., Counsel for plaintiff received a message

from Magistrate Judge Schneider's secretary indicating that the judge had denied the request to

adjourn the hearing on the application and the hearing would proceed with or without plaintiff's

counsel. At or about 12:00 p.m., counsel for plaintiff called Magistrate Judge Schneider's

chambers and informed the judge's secretary that he was still on trial and was unsure whether he

would be done by 2:00 p.m. The judge was not in at that time. At approximately 2:49 p.m., after

the trial was completed, counsel for plaintiff again called the judge's chambers and was informed

by the judge's law clerk that the hearing had already taken place.

On May 19, 2008, there was a notation on the docket that the application by plaintiff's

counsel was denied and that plaintiff's counsel failed to appear. (D.E. #50.) . While it was

entered on May 19, 2008, the docket reflects a date of May 16, 2008.

On May 20, 2008, Judge Schneider issued an Order explaining the bases for denying the

application. (D.E. # 51.).

10

## MAGISTRATE JUDGE'S ORDER:  THE APPLICABLE STANDARD OF REVIEW

The Federal Magistrates Act of 1968 created the position now known as Magistrate Judge and allowed District Courts to refer a host of matters to Magistrate Judges for determinations subject to various levels of review by the District Court. See 28 U.S.C. § 636(b)(1).

The Federal Magistrates Act provides, in pertinent part:

> Notwithstanding any provision to the contrary - -
>
> (A)  A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except [dispositive motions]. A judge of the court may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A)-(B)(dealing with a non-dispositive order).

Pursuant to F.R.C.P. 72:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 10 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The United States District Court for the District of New Jersey has a parallel rule regarding appeals from non-dispositive orders.  Pursuant to L.R. 72.1©(1):

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order, unless a motion for reargument of the matter pursuant to L.Civ.R. 7.1(g) has been timely filed and served, in which case the time to appeal will begin to run when the parties are served with a copy of the Magistrate Judge's order rendering a determination on the merits of such a motion. Such party shall file with the Clerk and serve on all parties a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. The notice of appeal shall be submitted for filing in the form of a notice of motion conforming with the requirements of L.Civ.R. 7.1. The party filing an appeal shall provide to the Court a transcript of that portion of the hearing before the Magistrate Judge wherein

11

findings of fact were made, no later than 10 days before the return date of the
motion. Any party opposing the appeal shall file a responsive brief at least 14
days prior to the date originally noticed for argument. A cross-appeal related to
the subject matter of the original determination may be filed by the responding
party together with that party's opposition and may be noticed for a hearing on the
same date as the original appeal, as long as the responding papers are timely filed.
A brief in reply to the cross-appeal may be filed at least seven days prior to the
date originally noticed for argument. Each of the above periods may be altered by
the Magistrate Judge or Judge. A Judge shall consider the appeal and/or cross-
appeal and set aside any portion of the Magistrate Judge's order found to be
clearly erroneous or contrary to law.

A United States Magistrate Judge may "hear and determine any [non-dispositive] pre-trial

matter pending before the Court." Cardona v. General Motors Corp., 942 F. Supp. 968, 970 (D.N.J.

1996). In all non-dispositive pre-trial matters, a magistrate judge may issue an opinion and order."

Id. A party objecting to a magistrate judge's order may, within ten (10) days of the entry of the

order, serve and file objections with the district judge. F.R.C.P. 72; L.R. Civ. P. 72.1©(2).

## DISCUSSION

## POINT I – COUNSEL WAS NOT PRESENT FOR THE HEARING

In Magistrate Judge Schneider's Order he makes reference to the fact that plaintiff's counsel

was not present for the hearing on May 16, 2008, at 2:00 p.m. and Judge Schneider, in fact, denied

the request to adjourn the motion. Admittedly, plaintiff's counsel was not present at the hearing on

the motion because he was conducting a non-jury trial in the matter of Commonwealth v. Paul

Jarosz, in the Court of Common Pleas, Philadelphia County. Counsel submits' it was an abuse of

discretion for Magistrate Judge Schneider to deny the request to adjourn the motion.

On or about May 7, 2008, the court issued an Order scheduling this matter for a hearing

for May 16, 2008, at 2:00 p.m., in open Court. (D.E. #48). On May 15, 2008, counsel for

plaintiff notified the court that he was attached for two (2) trials on May 16, 2008 and he was

unsure whether he could attend. The letter was sent only the day before because counsel for

12

plaintiff was hopeful the cases would not be called to trial. Counsel for plaintiff provided the names of the cases, the identity of the court and the judge before whom they were listed. (D.E. # 15).

On May 16, 2008, at approximately 9:00 a.m., Counsel for plaintiff received a message from Magistrate Judge Schneider's secretary indicating that the judge had denied the request to adjourn the hearing on the application and the hearing would proceed with or without plaintiff's counsel. At or about 12:00 p.m., counsel for plaintiff called Magistrate Judge Schneider's chambers and informed the judge's secretary that he was still on trial and was unsure whether he would be done by 2:00 p.m.[1] The judge was not in at that time. At approximately 2:49 p.m., after the trial was completed, counsel for plaintiff again called the judge's chambers and was informed by the judge's law clerk that the hearing had already taken place.

As a threshold matter, plaintiff did not inform the court until he filed an electronic letter advising Magistrate Judge Schneider of the conflict in schedule. The reason the notification was not done in a more timely manner was because the case(s) for which plaintiff was to appear in Philadelphia were scheduled at 9:00 a.m. As is the usual practice, sometimes the cases do not go forward, either because the witnesses are not present, further investigation is needed or because the judge is being handling other matters. At times, the parties are informed, in advance, whether a case will proceed; in others, you do not know until the day of trial. Counsel for plaintiff was hopeful these cases would not be reached and he would have known, in advance of May 15, 2008, however, such was not the case. In fact, the McLaughlin matter was continued on May 16, 2008. The other matter involving Mr. Jarosz had been continued approximately five (5)

---

[1] Plaintiff's counsel believed that upon filing the electronic letter, it would be immediately received by the Court. However, plaintiff's counsel was informed that the court does not receive such "letters" until the following morning; otherwise, the document would have been faxed.

times previously, so it was up in the air, as to whether the case would actually go forward. In hindsight, counsel should have informed the court of this development on May 7, 2008, however, counsel did not do so until May 15, 2008. However, this should not result in an outright denial of the motion and counsel for plaintiff being admonished by the magistrate judge. Quite honestly, the magistrate judge failed to take into consideration the demands of a busy solo practitioner, trial attorney. Counsel submits that Judge Schneider clearly abused his discretion in denying the request to adjourn the motion and is asking this Honorable Court to remand this matter to the magistrate judge to conduct a proper motion hearing with all parties present where plaintiff can present the aforementioned procedural morass which has developed in this case. Moreover, Magistrate Judge Schneider never gave plaintiff the opportunity to explain why he waited until the day before the hearing to advise the Court. However, it is clear from a review of Magistrate Judge Schneider's Order that he did not take into consideration the problems plaintiff was having with discovery.

Importantly, this is not a complex case with numerous attorneys who could resolve the discovery issues without the benefit of plaintiff's counsel; this is a case which required plaintiff's counsel to be heard from. Magistrate Judge Joel B. Schneider's refusal to allow plaintiff's counsel to participate at a time he was able to so participate should be reversed.

## POINT II – MAGISTRATE JUDGE SCHNEIDER FAILED TO PROPERLY CONSIDER THE PROCEDURAL BACKGROUND OF THE CASE

In reviewing Judge Schneider's Order of May 20, 2008, it is clear he did not fully digest the full procedural background of the case. In fact, his procedural citation to the record, prior the February 13, 2008 Order is one paragraph. As can be gleaned from a review of the record, the procedural background goes well beyond seventeen (17) lines. In fact, the Order fails to take into account the following, rather it lays the blame at the feet of plaintiff and her counsel for

14

failing to advance the case.  Consider the following:

        a.     McDonald's did not file an Answer to plaintiff's complaint for

approximately three (3) months, never provided plaintiff with complete documentation, a fact

plaintiff made the court aware of, failed to provide any information regarding another culpable

defendant until approximately May, 2007, almost one year after the case had been filed and it

was not until May 16, 2008 that a copy of the claims log and witness statements were provided

to plaintiff.  In fact, copies of photographs were never provided to plaintiff.  Moreover,

McDonald's has failed to produce any witnesses for depositions, including employees and the

individuals who gave statements.  In sum, McDonald's has stonewalled discovery and not

engaged in meaningful discovery.  Moreover, McDonald's did not produce its clients' for

deposition and has continually refused to provide dates for depositions.

        b.     DJ's Painting did not become involved in this case until approximately

October, 2007, less than seven (7) months ago.  It has never served four (4) of the third party

defendants and only recently notified the court of same.  Moreover, DJ's Painting did not answer

discovery in this case until very recently and failed to provide Rule 26 disclosures.  DJ's has

provided plaintiff with two (2) documents in discovery.  Further, while DJ's representative was

available for deposition, he was not deposed because discovery was not responded to.  Similarly,

four (4) putative defendants have not been served and have not participated in this case at all.

        c.     Collegiate Sealers has answered discovery, however, they have not

produced anyone for deposition and have not provided Rule 26 disclosures.  Moreover, it is

believed they have produced one document in discovery.  Also, they have not provided any

alternate dates for depositions.

        d.     Steve Lapp, Steve Lapp Asphalt, Markel Underwriters and Evanston

15

Insurance Company have not been served and have not participated.

Compare the foregoing with plaintiff's meaningful participation in the discovery process:

      a.     Plaintiff provided Rule 26(a) disclosures, propounded discovery upon all defendants answered McDonald's discovery and request for production of documents and provided all discovery to the newly entering defendants along with the documents, as well as McDonald's answers to discovery

      b.     Plaintiff appeared for her deposition and was deposed for approximately four (4) hours in a slip and fall case.

Needless to say, defendants have had the benefit of knowing about plaintiff's case; plaintiff knows very little about defendants. All of the foregoing was not appreciated and taken into consideration by Magistrate Judge Schneider.

Plaintiff submits that the failure to allow plaintiff to participate in the conference or alternatively to adjourn the conference allowed the court to enter an order where it was not presented with the entire procedural background of the case. Moreover, the court failed to modify the scheduling Order despite all of the foregoing.

Federal Rule of Civil Procedure 16(b) governs modification of case management orders. Rule 16 provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Id. In the United States District Court for the District of New Jersey, "the Magistrate Judge … may revise any prior scheduling order for good cause." L.R. Civ. P. 16.1(a)(2).

A determination of good cause depends on the diligence of the moving party. Globespanvirata v. Tex. Instruments, Inc., 2005 U.S. Dist. LEXIS 16348, No. 03-2854 (D.N.J. Jul. 12, 2005). As the movant, plaintiff bears the burden of demonstrating that "despite its

16

diligence, it could not reasonably have met the scheduling order deadline." Hutchins v. UPS, 2005 U.S. Dist. LEXIS 15625, No. 01-1462 (D.N.J. Jul. 27, 2005).  While prejudice is not a consideration to the non-moving party, it should be a consideration to plaintiff if she is not permitted to engage in meaningful discovery.

Magistrate Judge Schneider concludes that plaintiff had enough time to take depositions because McDonalds had been involved in the case since October, 2006, DJ's Painting since October, 2007 and Collegiate Sealers since January, 2008.  However, this does not tell the whole story when the parties will not produce their clients for depositions and will not provide dates for deposition.  If defendants' will not provide dates, or agree on dates, why should this inure to the detriment of the plaintiff?  Plaintiff complied with her discovery obligations, a fact which was lost on Magistrate Schneider.  It is hard to force defendants to appear for depositions when the Magistrate Judge does not so require whether it was before April 30, 2008 or otherwise.  This is simply not a situation of plaintiff failing to comply with a discovery order.

In this case, Magistrate Judge Schneider abused his discretion in finding that plaintiff had not shown good cause to extend the dates in the discovery order.  To say plaintiff was less than diligent is to ignore the established record and punish plaintiff's counsel for not appearing at the motion.  Judge Schneider has effectively taken and ability of plaintiff to pursue this action against the defendants.

## CONCLUSION

Therefore, for all of the foregoing reasons, it is respectfully requested this matter be remanded to Magistrate Judge Joel Schneider to extend the fact discovery deadlines for sixty (60) days from the date of his Order and require defendants' to appear for depositions otherwise face the imposition of sanctions.

Respectfully submitted,

**LAW OFFICES OF JONATHAN J. SOBEL**

s\ JONATHAN J. SOBEL, ESQ.
1103 Laurel Oak Road,
Voorhees, New Jersey 08403
856-296-9070 (telephone)
856-427-0575 (fax)

Attorney for Plaintiff, Carmen Santiago

Date:   May 26, 2008