```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARMEN SANTIAGO, | Civil Action No. 06-cv-02983 (NLH) |
| Plaintiff, | |
| v. | **OPINION** |
| MCDONALD'S RESTAURANTS OF NEW JERSEY, INC., DJ'S PAINTING, INC., JOHN DOE, MARY DOE, ABC PARTNERSHIPS, and XYZ CORP. | |
| Defendants. | |

**APPEARANCES:**

Jonathan J. Sobel, Esquire
Law Offices of Jonathan J. Sobel
1103 Laurel Oak Road, Suite 111
Voorhees, NJ 08043
*Attorney for Plaintiff*

Ewan Marcus Clark, Esquire
Bonner, Kiernan, Trebach & Crociata
140 Littleton Road, Suite 201
Parsippany, NJ 07054
*Attorney for Defendant, McDonald's Restaurants of New Jersey, Inc.*

Frederick Albert Jacob, Esquire
Jacob & Chiarello
600 West Main Street
P.O. Box 429
Millville, NJ 08332
*Attorney for Defendant, DJ's Painting, Inc.*

**HILLMAN**, District Judge

　　This matter is before the Court on Plaintiff's appeal of the Order entered by the assigned Magistrate Judge denying Plaintiff's informal letter application to extend the April 30,

2008 fact discovery deadline set forth in the Court's February 13, 2008 Scheduling Order. For the reasons below, the appeal of the Magistrate Judge's Order will be granted and the parties will be permitted to conduct depositions that were noticed before the April 30, 2008 deadline, such depositions to be concluded within sixty (60) days of the entry of the Order accompanying this Opinion.[1]

## I.   BACKGROUND

On June 30, 2006, Plaintiff filed a Complaint against Defendant McDonald's Restaurant ("McDonald's") claiming personal injury from a slip and fall accident in the parking lot of the restaurant. Plaintiff alleges that on July 1, 2004, she "slipped and fell on fresh tar or a tar like substance which had been placed on the surface of the parking lot."

On December 6, 2006, the Magistrate Judge held an initial scheduling conference and set the fact discovery deadline for April 30, 2007. Plaintiff wrote to the Court on February 18, 2007, and advised that he had been unable to obtain discovery responses from McDonald's. On February 26, 2007, McDonald's responded to Plaintiff's interrogatories; however, Plaintiff claims that McDonald's did not respond to Plaintiff's Request for Production of Documents and that McDonald's did not identify any other entities or possible Third Party Defendants at that time.

---

[1] The list of deponents is outlined infra.

The Magistrate Judge held another scheduling conference on April 16, 2007, and entered an April 17, 2007 Scheduling Order extending the fact discovery deadline to June 18, 2007. Following the conference, Plaintiff contends that the Notice to Produce was again forwarded to McDonald's. On May 5, 2007, Plaintiff received McDonald's responses to the Notice to Produce, and McDonald's indicated that the company responsible for the repairs to the restaurant was DJ's Painting, Inc. ("DJ's Painting"). On May 25, 2007, Plaintiff filed a Motion to Amend Plaintiff's Complaint to add claims against DJ's Painting (Id.), and on June 22, 2007, the Court granted Plaintiff's motion. Plaintiff filed the Amended Complaint, and on August 21, 2007, Plaintiff served DJ's Painting.

On August 2, 2007, the Magistrate Judge held a status conference and entered a Scheduling Order extending the fact discovery deadline to November 30, 2007. On October 10, 2007, DJ's Painting filed an Answer to Plaintiff's Amended Complaint as well as a third party complaint naming, inter alia, Collegiate Sealers. On January 10, 2008, Third Party Defendant Collegiate Sealers filed an Answer to the Third Party Complaint.

On February 13, 2008, the diligent Magistrate Judge held an additional Scheduling Conference with the parties and issued a Scheduling Order. The Order instructed Plaintiff to serve his deposition notices by February 22, 2008, and inform the

3

court by March 7, 2008 of the agreed upon dates for the depositions of Defendants and Third Party Defendants which were required to be completed by April 30, 2008. The Order also required that Plaintiff's deposition be completed by March 31, 2008.

On February 29, 2008, Plaintiff wrote to the Magistrate Judge and advised him that he sent deposition notices to McDonald's, DJ's Painting, and Collegiate Sealers scheduling their depositions for March 21, 2008. Plaintiff claims that the depositions on this date had to be postponed because counsel for DJ's Painting was out of the country. On April 11, 2008, Plaintiff sent a letter to Defendants asking to schedule the depositions on the same date as Plaintiff's scheduled deposition on April 23, 2008. On April 23, 2008, Plaintiff appeared for her deposition and was deposed. The corporate designee of DJ's Painting was also present; however, Plaintiff and Defendants agreed to wait to take his deposition because DJ's Painting had not produced documents in discovery at that point. Plaintiff claims that following the deposition, Plaintiff requested dates for the deposition of the Defendants/Third Party Defendants, and no dates were supplied to him.

On the date that the Court ordered depositions to be completed, April 30, 2008, Plaintiff notified the Court by letter that Defendants failed to produce their clients for depositions.

The Court responded on May 5, 2008, and requested Plaintiff to provide evidence that he complied with the Court's February 13, 2008 Order. On May 6, 2008, Plaintiff submitted an Affidavit to the Court which indicated that he noticed Defendants' corporate designee depositions for March 21, 2008, and Defendants were unable to produce their clients. Plaintiff subsequently requested additional dates, but the depositions were not completed before April 30, 2008.

On May 7, 2008, the Court scheduled oral argument on Plaintiff's application for May 16, 2008. On May 15, 2008, Plaintiff electronically filed a letter with the Court stating that he was attached for trial in the Court of Common Pleas, Philadelphia County, and did not believe that he would be available for the 2:00 p.m. argument on May 16, 2008. The Court left a message with Plaintiff's office the morning of May 16, 2008 advising Plaintiff that oral argument would not be cancelled due to his late request. Plaintiff claims that his late request for a rescheduling of the argument was because he was hopeful that his other cases would not be called to trial. However, by the time that Plaintiff's trial was over, the hearing had already taken place. Plaintiff also points out that it was not until the morning of the argument on May 16, 2008 that McDonald's finally provided the documents that Plaintiff had been requesting for a year and a half.

On May 20, 2008, the Magistrate Judge issued an Order denying Plaintiff's application for an extension of the fact discovery deadline from which Plaintiff now appeals.  On December 23, 2008, a hearing was held before this Court regarding plaintiff's appeal.

**II.   DISCUSSION**

**A.    Standard of Review**

A United States Magistrate Judge may hear and determine any [non-dispositive] pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." South Seas Catamaran, Inc. v. M/V Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988)(citation omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32

F. Supp. 2d 162, 164 (D.N.J. 1998). The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

Here, the Magistrate Judge's May 20, 2008 ruling pertains to a non-dispositive motion. Therefore, the Court will examine Plaintiff's appeal under the "clearly erroneous or contrary to law" standard.

### B. Analysis

Rule 16(b) of the Federal Rules of Civil Procedure governs modification of case management orders. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district court or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). In this district, "the Magistrate Judge...may revise any prior scheduling order for good cause." L. Civ. R. 16.1(a)(2). A determination of good cause depends on the diligence of the moving party. Globespanvirata, Inc. v. Texas Instruments, Inc., No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. 2005). The moving party has the burden of demonstrating that "despite its diligence, it could not reasonably have met the scheduling order deadline." Hutchins v. United Parcel Service, Inc., No. 01-1462, 2005 WL 1793695, at *3 (D.N.J. 2005)(citation

omitted). In addition, absence of prejudice is not a consideration under the good cause standard. <u>Globespanvirata</u>, 2005 WL 1638136 at *3.

In his order denying an extension of the fact discovery deadline, the Magistrate Judge found that Plaintiff did not make a showing of good cause as required by Rule 16(b) to modify the Scheduling Order. The Magistrate Judge found that Plaintiff had adequate opportunity to depose Defendants before the April 30, 2008 deadline given the amount of time that had elapsed after Defendants filed their responsive pleadings. The Magistrate Judge also emphasized that issues regarding scheduling were resolved through the Scheduling Order of February 13, 2008. This Scheduling Order required the depositions to be completed by April 30, 2008 and required Plaintiff to notify the Court of the agreed upon date of the depositions by March 7, 2008. The Magistrate Judge noted that Plaintiff served deposition notices to Defendants, and Plaintiff subsequently notified the Court of the noticed date rather than a specifically agreed upon date.

The Magistrate Judge found that "there is no evidence in the record that plaintiff attempted to comply with this Court's Order requiring the parties to agree on deposition dates before April 30, 2008." The Magistrate Judge further found that "there is no evidence in the record to explain why after defendants did not appear for the depositions plaintiff

unilaterally scheduled for March 21, 2008, plaintiff did not take the depositions before April 30, 2008." Based on a history of scheduling problems and extensions of time, failure to comply with the February 13, 2008 Scheduling Order, and failure to show good cause, the Magistrate Judge denied Plaintiff's request for an extension of the discovery deadline to complete the remaining depositions of Defendants.

In Plaintiff's Appeal of the Magistrate Judge's Order, Plaintiff's argument centers on the procedural history of the case and his numerous attempts to obtain documents and dates for depositions from Defendants. Plaintiff contends that the Magistrate Judge failed to consider completely the procedural history of the case. Plaintiff contends that he has had difficulty obtaining responses from Defendants as far back as February 18, 2007 when Plaintiff notified the Court by letter that he had been unable to obtain discovery responses from McDonald's. Plaintiff further contends that he did not receive the documents that he had been requesting from McDonald's until May 16, 2008, over a year and a half after his initial request. Plaintiff contends that he also has had difficulty scheduling deposition dates with Defendants. For instance, Plaintiff points to how the noticed March 21, 2008 date of the depositions had to be adjourned because the counsel for DJ's Painting was out of the country. Plaintiff claims that further dates were requested and

9

none were supplied.  On April 11, 2008, Plaintiff asked Defendants if the other depositions could be held on April 23, 2008, the same date as Plaintiff's scheduled deposition.  On April 23, 2008, Plaintiff was deposed, and Plaintiff and Defendant agreed not to depose the corporate designee of DJ's Painting at that time because DJ's Painting had not yet provided the requisite documents in discovery to Plaintiff yet.  Plaintiff contends that he requested additional deposition dates from Defendants, but none were provided.  On April 30, 2008, Plaintiff then notified the Court that he had been unable to complete the depositions by the deadline.

Upon a full review of the record and upon consideration of arguments presented by counsel during the hearing on this appeal, this Court is unable to reconcile all of the Magistrate Judge's findings with the facts contained in the record.  First, the Magistrate Judge based his order on the conclusion that "there is no evidence in the record that Plaintiff attempted to comply with this Court's Order requiring the parties to agree on deposition dates before April 30, 2008."  The Magistrate Judge further found that "there is no evidence in the record to explain why after defendants did not appear for the depositions plaintiff unilaterally scheduled for March 21, 2008, plaintiff did not take the depositions before April 30, 2008."

However, the Court is feels compelled to conclude that

10

these findings are clearly erroneous.  The record does demonstrate Plaintiff's attempts to find an agreed upon date for depositions with Defendants as well as Plaintiff's attempts to schedule further depositions after the March 21, 2008 date was postponed.  Plaintiff's counsel confirmed his attempts at the hearing, which attempts were not disputed by opposing counsel.

This Court notes that both parties have a role in complying with the discovery process and that includes responding to requests for documents and requests for deposition dates.  In the Magistrate Judge's Order, he notes that during oral argument on May 16, 2008, one defense counsel stated that it was not until April 23, 2008, only one week prior to the deadline, that Plaintiff requested Defendants appear for a deposition prior to the April 30, 2008 deadline.  Magistrate Judge Schneider's Order appears to rely in part on Defendant's statement; however, this Court notes that Plaintiff requested a date for depositions in Plaintiff's April 11, 2008 letter to Defendants, and on April 23, 2008, both Plaintiff and Defendants agreed to adjourn the deposition until DJ's Painting had replied to Plaintiff's request for documents.  Based on the evidence presented in the record and at the hearing, this Court finds that Plaintiff did demonstrate his attempts to comply with the Scheduling Order and the manner in which Defendants contributed to the failure to have depositions completed by April 30, 2008.

This Court recognizes that both parties carry a burden in the discovery process to comply with requests made by the opposing party. Although Plaintiff should have notified the Court of his difficulties prior to the deadline and should have appeared at the May 16, 2008 hearing, this Court finds evidence that Plaintiff faced difficulties in attempting to obtain documents from Defendants and have Defendants agree upon deposition dates. In light of Defendants' contributions to the failure to complete discovery by the deadline, this Court grants the appeal and reverses the Order of the Magistrate Judge.

Accordingly, the parties are permitted to conduct the following discovery:

1. Deposition of corporate designee of third-party defendant Collegiate Sealers;
2. Deposition of corporate designee of defendant DJ's Painting, Inc.;
3. Deposition of corporate designee of defendant McDonald's Corporation;
4. Deposition of Michael Bartholomew, McDonald's Corporation.

During the hearing, the parties raised the possibility of conducting additional discovery, including expert discovery. Any further decisions about further discovery, in addition to what is listed above, or issues concerning Rule 26(a) disclosures

will be decided by the Magistrate Judge.  This includes any further depositions that are sought as a result of deposition testimony of the four persons listed above.

Finally, the Court notes that nothing in this opinion should be construed as condoning or excusing the failure of plaintiff's counsel to appear before the Court on May 16, 2008 or seek an adjournment in a timely manner.  The record seems clear that this failure inconvenienced the Court, its officers, and opposing counsel and that plaintiff's counsel showed a lack of regard for the dedicated efforts of the Magistrate Judge to move this matter through the discovery process.  This Court leaves to the sound discretion of the able Magistrate Judge, who will continue to oversee this matter, what sanctions, if any, remain appropriate for counsel's failure to appear at the May 16, 2008 hearing.[2]

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's appeal is granted and the Order entered by the Magistrate Judge is reversed.  An appropriate Order will be entered and the matter referred to the Magistrate Judge for further proceedings

---

[2] For example, Plaintiff's counsel could be required to pay the any Court costs, or fees and costs incurred by opposing counsel in attending the May 16, 2008 hearing for which Plaintiff's counsel did not attend.

consistent with this opinion.

                                                        s/Noel L. Hillman

At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

Date: _____, 2009